Filed 7/8/15  P. v. Sims CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHARLIE ANTHONY SIMS, JR.,<br><br>        Defendant and Appellant. | C076643<br><br>(Super. Ct. No. CM039638) |

Defendant Charlie Anthony Sims, Jr., pleaded no contest to unlawfully driving or taking a vehicle.  (Veh. Code, § 10851, subd. (a).)  The trial court denied his motion to reduce his offense to a misdemeanor pursuant to Penal Code section 17, subdivision (b) (hereafter section 17(b); unless otherwise stated, statutory references that follow are to the Penal Code), and sentenced him to two years in county prison.

On appeal, defendant contends the trial court abused its discretion in denying his section 17(b) motion.  We affirm the judgment.

1

FACTS AND PROCEEDINGS

The facts are taken from the probation report, which includes information obtained from the California Highway Patrol report, and which, as stipulated by the parties, provided the factual basis for defendant's plea.

Just before midnight on October 2, 2013, a California Highway Patrol officer answered a report of a reckless driver in Oroville. He found the reported vehicle and, after pacing it at 70 miles per hour in a 55 mile per hour zone, made a traffic stop. The officer noticed a piece of metal protruding from the ignition. The driver, later identified as defendant, appeared nervous and was unable to provide identification to the officer. When asked for his name and driver's license, defendant identified himself as "Marvin Webb Lawson," and gave a date of birth and address that matched that of Mr. Lawson. A records check revealed the vehicle had been reported stolen several days earlier. Defendant was arrested and transported to the Butte County Jail, where a fingerprint check revealed his true identity and it was discovered he had outstanding warrants.

Defendant was charged by information with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a) -- count 1), receiving stolen property (§ 496, subd. (a) -- count 2), false personation (§ 529 -- count 3), and providing false information to a police officer (Veh. Code, § 31 -- count 4). The information alleged he had two prior prison terms within the meaning of section 667.5, subdivision (b).

Defendant entered a negotiated plea of no contest to count 1 in exchange for dismissal of the remaining charges with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*)).

Several months after entry of the plea, the trial court granted defendant's request to represent himself, but denied his motion to withdraw his plea and his motion to reduce count 1 to a misdemeanor pursuant to section 17(b). The court sentenced defendant to

2

county prison for the middle term of two years, imposed various fees and fines, and awarded presentence custody credit.

## DISCUSSION

Defendant contends the trial court abused its discretion in refusing to reduce his felony offense to a misdemeanor pursuant to section 17(b).

Because a conviction for violating Vehicle Code section 10851 allows for punishment "by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 . . . or by a fine of not more than five thousand dollars ($5,000)," or both (Veh. Code § 10851, subd. (a)), the offense is considered a "wobbler," and the trial court has the sole discretion, under section 17(b), to treat the offense as a felony or a misdemeanor for sentencing purposes. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977 (*Alvarez*).)

"By its terms, [section 17(b)] sets a broad generic standard. [Citation.]" (*Alvarez, supra*, 14 Cal.4th at p. 977.) "[S]ince all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant, including 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' [Citations.] When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule [4.410]." (*Alvarez*, at p. 978, fn. omitted.) (All rule references that follow are to the California Rules of Court.)

On appeal, the " 'burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" (*Alvarez, supra*, 14 Cal.4th at pp. 977-978.)

3

Here, after considering the probation report and the written arguments of the parties, the trial court denied defendant's section 17(b) motion based on defendant's prior criminal history, the value of the items stolen, and the allegation that defendant "continued to lie about his name and identity throughout the booking process and to avoid the warrant out of Sacramento County and evading his probation."

Defendant first takes issue with the court's consideration of the value of the stolen vehicle which, according to the prosecution, was over $3,000, an amount that "exceed[s] the threshold ($950) between misdemeanor and felony thefts by 400%." Defendant argues consideration of value where the offense in question is a violation of Vehicle Code section 10851 will nearly always result in a felony conviction because most automobiles have a value in excess of $950. The claim lacks merit. Defendant cites no authority, and we are aware of none, that prohibits consideration of the value of the object of the crime, here, an automobile. To the contrary, the value of the stolen vehicle driven by defendant was one of several facts relevant to the " 'nature and circumstances of the offense,' " and was thus appropriate for consideration under *Alvarez, supra*, 14 Cal.4th at page 978.

Defendant argues the valuation was "pure speculation" because there was no indication in the record as to whether the stolen vehicle was "a total loss to the victim rather than recovered and returned to the owner." We reject this claim, as it appears to confuse the trial court's appropriate assessment of the gravity of the crime based, in part, on the value of the automobile taken with what defendant mischaracterizes as something more akin to a calculation of damages. The fact that defendant unlawfully drove or took something worth over $3,000 as opposed to something of much less value is relevant in determining the gravity of the offense and the appropriate punishment in order to meet general sentencing aims.

Next, defendant claims his prior criminal history was an invalid basis for denial of the motion because his current offense was "not more serious" than his prior offenses, most of which were drug-related, and because he demonstrated his desire for and efforts

4

at participating in a rehabilitation program. Again, we disagree. The trial court's discretionary determination appropriately includes consideration of the general objectives of sentencing as set forth in rule 4.410, such as "[e]ncouraging the defendant to lead a law-abiding life in the future and deterring him . . . from future offenses." (Rule 4.410(a)(3); *Alvarez, supra*, 14 Cal.4th at p. 978, fn. omitted.) However, in so doing, the court does not consider the current offense in a vacuum, but rather against the backdrop of all relevant factors, including the defendant's criminal history. (*Id.* at p. 979.) While reasonable people might disagree as to how much weight to attribute to the type and seriousness of defendant's prior offenses and his past and current efforts to rehabilitate himself, we are " ' "neither authorized nor warranted in substituting [our] judgment for the judgment of the trial judge." [Citations.]' " (*Id.* at p. 978, quoting *People v. Preyer* (1985) 164 Cal.App.3d 568, 573.)

Finally, defendant takes issue with the court's consideration of the allegation that he gave false identity information to the arresting officer, a charge that was dismissed as part of his plea bargain. He surmises that the court concluded such actions reflected negatively on his character and attitude about the offense, but argues such a conclusion was arbitrary and capricious in light of his expression of remorse for breaking the law and the court's expression of appreciation for his "genuine and sincere" apology, his demeanor, and the manner in which he conducted himself in his own defense.

We note the false personation charge was dismissed with a *Harvey* waiver and was thus appropriate for consideration. We also note defendant's apology came *after* the court ruled on his section 17(b) motion. In any event, as the court pointed out, defendant not only "continued to lie about his name and identity throughout the booking process," he also attempted to avoid the outstanding warrant and evade probation. Consideration of those facts, coupled with defendant's criminal history that includes numerous prior convictions and violations of probation and parole, was neither irrational nor arbitrary.

5

The trial court did not abuse its discretion in denying defendant's motion to reduce his felony offense to a misdemeanor.

DISPOSITION

The judgment is affirmed.

                                       _____HULL_____ , J.

We concur:

_____NICHOLSON_____ , Acting P. J.

_____RENNER_____ , J.